**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4472**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CYNTHIA POAKWA, a/k/a Cynthia Barbour,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:07-
cr-00141-RWT-1)

Submitted:  January 14, 2010          Decided:  March 4, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Martin G. Bahl, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.
Bryan E. Foreman, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Poakwa pleaded guilty to four counts of aiding and abetting the filing of fraudulent tax returns, in violation of 26 U.S.C. § 7206(2) (2006). The district court sentenced Poakwa to thirty-three months of imprisonment and Poakwa now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. We affirm.

In the Anders brief, counsel questions whether the district court erred in accepting Poakwa's guilty plea as knowing and voluntary. Because Poakwa did not move in the district court to withdraw her guilty plea, any error in the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Furthermore, there is a strong presumption that a defendant's guilty plea is binding and voluntary if she has received an adequate Fed. R. Crim. P. 11 hearing. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); see Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding that statements made during a plea hearing "carry a strong presumption of verity"). Our review of the record discloses that the district court substantially complied with the requirements of Rule 11. We conclude, therefore, that the district court did not err in accepting Poakwa's guilty plea as knowing and voluntary.

2

Counsel next questions whether the sentence imposed by the district court is reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. This court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 129 S. Ct. 476 (2008). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). If the sentence is within the guidelines range, we apply a presumption of reasonableness. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56

(2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and find that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory guidelines range, considered the 18 U.S.C. § 3553(a) factors, and provided a comprehensive explanation of its chosen sentence. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009). In addition, Poakwa has failed to rebut the presumption of substantive reasonableness we accord to her within-guidelines sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Poakwa, in writing, of the right to petition the Supreme Court of the United States for further review. If Poakwa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Poakwa. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>